UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSHUA PATTERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-14 |
| | § | |
| DARREN ALLEN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Joshua Patterson (TDCJ #1737624) filed this civil rights lawsuit against defendant Darren A. Allen, an officer with the Texas City Police Department. Patterson alleges excessive use of force during his arrest in January 2010. Defendant seeks summary judgment, arguing that he is entitled to qualified immunity and that there is no evidence of a constitutional violation. After considering the summary judgment motion and exhibits, the response and applicable law, the Court finds that a disputed issue of material fact exists and **DENIES** the motion.

### I. BACKGROUND

On January 27, 2010, at approximately 3:00 a.m., Officer Allen responded to a call from Officer Gallien about suspicious activity at the Tune-Up Masters auto repair shop in Texas City. When Officer Allen arrived at the repair shop, he observed a light and heard noises coming from inside the building. Officer Allen

1

identified the intruder inside the building as Patterson and ordered him to come out with his hands up. Patterson initially attempted to escape the building but raised his hands as backup units arrived. Patterson then refused Officer Allen's order to go to the ground to be handcuffed. At that point, Officer Allen, believing Patterson was about to run, tasered him. Patterson fell to the ground, was handcuffed by Officer Minor and was escorted to the patrol car by Officers Allen and Reyes. When Patterson refused to get in the car, Officer Allen "drive-stunned" him with his taser. Patterson was then transported to the Texas City jail for booking.

From the time of his arrest, Patterson complained that he had taken narcotic pills and was diabetic. EMS was therefore called, and Officer Galien transported Patterson from the jail to Mainland Medical Center for evaluation. Officer Allen traveled separately to the medical center in his own vehicle to meet with Patterson and advise him of his criminal charges. At the hospital, Patterson threatened Allen, stating "Next time I see you at the club, [you] better have on your uniform and vest, cause if you don't...its going to get crackin and that's how its gonna happen." After a short while, Patterson was released from the hospital in handcuffs, and Officers Allen and Gallien escorted him to Allens' patrol car.

What happened next is the basis for Patterson's excessive force claim. According to the officers, Patterson refused to get in the car, and Officer Allen

therefore "drive-stunned"[1] him twice.  The second time, the taser caused Patterson to fall and hit the side of his face against the car door, resulting in a laceration on the side of his face.  Docket Entry No. 15 at 3-5.

Patterson identifies a different cause for the facial laceration.  According to him, he left the hospital in foot shackles and handcuffs and did not refuse to get into the car.  Rather, as he tried to enter the car, Officer Allen placed his hand on Patterson's left shoulder, turned him around and punched him in the face with his closed fist, causing the laceration over his left eye. Docket Entry Nos. 1; 15, Exh. 1 at 23; 17 at 8.  It is the alleged punch, not the prior use of the tasers, that Patterson contends constituted excessive force in violation of his constitutional rights.

## II.   STANDARDS OF REVIEW

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment.  *See*

---

[1] "In drive-stun mode, 'the operator removes the dart cartridge and pushes two electrode contacts located on the front of the taser directly against the victim.  In this mode, the taser delivers an electric shock . . . but does not cause an override of the victim's central nervous system as it does in dart-mode." *Cockrell v. City of Cincinnati*, 468 Fed. Appx. 491 (6th Cir. 2012) (quoting *Mattos v. Agarano*, 661 F.3d 433, 443 (9th Cir. 2011) (en banc)).

*Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

Because Officer Allen enjoys qualified immunity from suit, Patterson has the burden of overcoming that defense.  *See McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).  To do so, Patterson must show that Allen's conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). An official's acts violate clearly established law if "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. Al–Kidd,* 131 S.Ct. 2074, 2083 (2011) (internal quotation marks and brackets omitted).  The Supreme Court has counseled the lower courts that "clearly established law" should not be defined "at a high level of generality." *Al–Kidd,* 131 S.Ct. at 2084 (citation omitted). An issue does "not require a case directly on point" to be clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 2083. Although it is Patterson's burden to defeat the immunity defense, *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012), the summary judgment posture still requires the Court to consider the evidence in the light most favorable to the plaintiff when conducting the immunity inquiry. *Id*. at 763.

### III. ANALYSIS

Claims of excessive force in the course of an arrest implicate the Fourth Amendment right to be free from unreasonable search and seizure. To establish an excessive force claim, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (citation and internal quotations omitted). Such force must be determined to be "clearly unreasonable." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009). The Court must measure the force used with the severity of the crime, "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The objective reasonableness of the use of force is to be judged "from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." *Id.* At 396.

This case presents a classic "he said/she said" factual dispute that requires a credibility determination. According to the police officers' testimony, no punch occurred. If a jury were to find the officers credible, then there is no basis for liability as the excessive force claim is predicated on Officer Allen punching Patterson while he was in handcuffs. But if the jury were to accept Patterson's

5

testimony, then the punch would support a verdict in his favor. *See, e.g., Bush v. Strain*, 513 F.3d 492, 499, 502 (5th Cir. 2008) (reversing summary judgment in case in which officer slammed handcuffed arrestee's head into the window of a car because Fourth Amendment's reasonableness test "is clear enough that [the officer] should have known that he could not forcefully slam [arrestee's] face into a vehicle while she was restrained and subdued"); *Howard v. Del Castillo*, 2001 WL 1090797, at *4-5 (E.D. La. Sept. 17, 2001) (denying motion to dismiss based on allegation that police officers beat an arrestee after he had been handcuffed).

For his qualified immunity argument, Allen contends that it was not clearly established in 2010 that dry-stunning or punching a noncompliant, handcuffed arrestee constituted excessive force. Docket Entry No. 15 at 6 (citing cases). But all the cases he cites for that proposition involve tasering, *see*, *e.g.*, *Buckley v. Haddock*, 292 Fed. Appx. 791, 797 (11th Cir. 2008) (holding that, as of March 2004, it was not clearly unlawful to use a taser to get a noncompliant, handcuffed suspect off the ground and into a patrol car), whereas Patterson's complaint only challenges the punch. And Allen's characterization of Patterson as "noncompliant" assumes the officers' version of events—that "Patterson was resisting a lawful arrest by stiffening up and not allowing the officers to place him in the vehicle." Docket Entry No. 15 at 6. Patterson tells a different story in which he was being walked out to the patrol car in handcuffs and shackles when he was

suddenly punched in the face. Docket Entry 15-1 at 24. In evaluating the immunity defense at this stage of the proceeding, the Court must accept Patterson's statement as true. *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012).

Applying immunity law to Patterson's version of events, it was clearly established at the time of his arrest that punching, or otherwise gratuitously harming, a handcuffed arrestee who had stopped resisting or was restrained constitutes excessive force. *See, e.g.,* Bush, 513 F.3d at 499; *Howard*, 2001 WL 1090797, at *4-5; *see also Anderson v. McCaleb*, 480 Fed. Appx. 768, 773 (5th Cir. 2012) (holding that the officer "should have known that he could not continue to shock [the suspect] with the taser after he was no longer resisting arrest"). The excessive nature of such conduct is also obvious, and "in an obvious case, the *Graham* excessive-force factors themselves can clearly establish the answer, even without a body of relevant case law." *Newman*, 703 F.3d at 764 (citing *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)). Indeed, Allen's brief cites no case recognizing immunity for a punch under these circumstances.

Allen instead tries to get around the punching allegation by surmising that Patterson may be confused about which officer threw the alleged punch given the similar sounding names of Allen and Gallien, the two officers who exited the hospital with him. In Patterson's postarrest statement, he stated that "the other Allen punched me in the face, that's where I got this (pointing to the laceration on

7

the left eye)." Docket Entry No. 15-1 at 24. The summary judgment motion contends that Patterson's statement draws a distinction between the "other Allen" who threw the punch, and the officer who tasered Patterson. But examination of the statement reveals that Patterson refers to the tasing officer and the punching officer as the same person—*i.e.,* "the other Allen." *Compare id.* ("The other Allen tasered me in the leg.") *with id.* ("[T]he other Allen punched me in the face."). Patterson's statement also details his previous encounters with both officers, so he has a basis for differentiating the two and knowing which one punched him. *See id.* at 25 (stating that he had "prior incidences" with both officers); *id.* at 26 (describing his history with Officer Allen as "a lot of old shit" from when Allen patrolled a Texas City apartment complex). In any event, who threw the actual punch is, like the predicate question of whether a punch was thrown, a fact issue.[2]

For these reasons, a determination of the objective reasonableness of Officer Allen's conduct "requires this Court to settl[e] on a coherent view of what happened in the first place." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (internal citation and quotation omitted). It is the jury's job to determine who is telling the truth about what happened when Patterson left the hospital with

---

[2] Allen also argues that the laceration to Patterson's face was a *de minimis* injury that can not give rise to an excessive force claim. But similar injuries have been found actionable, *see Edwards v. Stewart*, 37 Fed. Appx. 90 (5th Cir. 2002) (holding that cuts to an inmate's finger and thumbs and lacerations to his ear were not *de minimis*); *Gomez v. Chandler*, 163 F.3d 921, 924-25 (5th Cir. 1999) (holding that "cuts, scrapes, [and] contusions to the face, head and body" were more than *de minimis*), and no medical records or other evidence concerning the nature or seriousness of the laceration is part of the summary judgment record.

the officers. Accordingly, Officer Allen is not entitled to qualified immunity on Patterson's claim that Allen punched him in the face after he was handcuffed, and Allen's motion for summary judgment (Docket Entry No. 15) is **DENIED.**

**It is so ORDERED.**

**SIGNED** this 11th day of September, 2013.

_____
Gregg Costa
United States District Judge